[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13193
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00062-CG-N


LINDA CONE SELENSKY,

Plaintiff-Appellant,

versus

STATE OF ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 22, 2015)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

This appeal addresses the district court's dismissal of plaintiff-appellant's *pro se* complaint for frivolity and lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B).

## I.    BACKGROUND

Plaintiff-appellant Linda Selensky ("Selensky") believes that the State of Alabama ("Alabama") wrongfully arrested and held her for criminally trespassing on property she claims she purchased from a man named Robert E. Duke ("Duke").[1]  While in jail, some of her pets died and Duke allegedly set her house on fire.  As a result of her arrest, she also has a "criminal record which is all bogus."

She previously filed an action against Duke in Alabama state court, which was unsuccessful.  She also filed a misconduct complaint with the Mobile County Sheriff's Office relating to a deputy's response to her complaints about Duke.  The Sheriff's Office determined that there was no improper conduct on the deputy's part.  Selensky then turned to the federal courts for relief.

Selensky filed a *pro se* complaint in the Southern District of Alabama on February 14, 2014 against Alabama, alleging "false imprisonment, civil rights violation [sic], fraud and corruption."  Selensky's complaint quotes, without

---

[1]  The basis of Selensky's complaint has to be pieced together from various documents she attached to the complaint, including documents relating to previous litigation against Duke in Alabama state court.

explanation, portions of the Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution, portions of the Alabama Constitution relating to the rights of criminal defendants, and the Alabama statute of limitations, Alabama Code § 6-2-34.  In what manner her rights were violated, and what Alabama's role in the violations was, is not made clear beyond her allegation that she was not guilty of the criminal trespass charge because the property was hers.  Selensky does not present any specific plea for relief in her complaint, beyond her request for her "just reward."

Because Selensky also filed a motion to proceed *in forma pauperis*, her case was automatically referred to a magistrate judge for screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which mandates dismissal of any case that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The magistrate judge issued a report and recommendation ("R&R") on April 7, 2014, recommending that the action be dismissed.[2]  The magistrate judge noted that Selensky "does not identify a single individual in connection with her claims or declare the basis on which she contends this Court has subject matter jurisdiction over her action."  The sole defendant named in the action is Alabama, and Selensky identified no grounds upon which Alabama's Eleventh Amendment

---

[2]  The magistrate judge also noted that Selensky had filed four previous actions in that court, all of which had been dismissed with prejudice.

3

sovereign immunity had been waived or abrogated.  The magistrate judge next noted that Selensky "failed to specify a jurisdictional basis for her action, or plead facts that would reflect a federal cause of action."  Thus, the R&R recommended that Selensky's suit is "due to be dismissed with prejudice both for lack of subject matter jurisdiction and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the sole defendant is immune from suit."

Selensky filed objections to the R&R.  Other than stating that her "case isn't frivolous are [sic] malicious," however, Selensky provided no actual rebuttal to the R&R's conclusions.  On June 3, 2014, the district court adopted the R&R and dismissed Selensky's case with prejudice.  It subsequently denied Selensky's "motion for hearing," which the district court construed as a motion for reconsideration.  The district court also denied Selensky's subsequent "motion to challenge court order."  Selensky appealed to this Court.

## II.    STANDARD OF REVIEW

A district court's *sua sponte* dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) is reviewed for abuse of discretion.  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  Dismissal for lack of subject matter jurisdiction is reviewed *de novo*.  *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006).

4

## III.   ANALYSIS

As with her complaint, Selensky filed an appellate brief that consists largely of copies of briefs she filed in Alabama state courts in her action against Duke, with whom Selensky alleges she entered into an agreement to purchase real property.[3]  She alleges that Duke gave her false information about the property. He also harassed her by piling dirt in the driveway, cutting down trees, having the power company turn off her lights, getting animal cruelty charges filed against her, having her mail delivery stopped, and ultimately burning her home.  But Duke is not named as a defendant in this case, nor alleged to be a state official.  The only link between Duke and Alabama is Selensky's allegation that her mistreatment by Duke is part of "a conspiracy brought on by [her] [previous] lawsuits against the State of Alabama."

In proceedings *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) empowers a district court to dismiss suits that are frivolous.  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  A suit is frivolous if it is without any merit in fact or law. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  The district court determined that Selensky's complaint was frivolous because it was clear that the Eleventh Amendment prevented her from proceeding against Alabama as a defendant.

---

[3]  Alabama filed no brief on this appeal; nor did it file any responsive pleading in the district court.

"[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 781 (1978). There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-38 (2011). "A State's consent to suit must be 'unequivocally expressed' in the text of [a] relevant statute." *Sossamon v. Texas*, ___ U.S. ___, 131 S. Ct. 1651, 1658 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)). "Waiver may not be implied." *Id.* Likewise, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786 (1991)).

Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit. *Pugh*, 438 U.S. at 782 (citing Ala. Const. art. I, § 14.) Although Selensky cites no applicable federal statute that would indicate Congress' intent to abrogate Eleventh Amendment immunity, insofar as she is alleging a violation of her civil rights, she would be proceeding under 42 U.S.C. § 1983; however, "Congress has not abrogated

6

eleventh amendment immunity in section 1983 cases." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).

The district court was therefore correct in determining that Selensky's case must be dismissed as frivolous, because there was no meritorious argument for why the court could entertain a suit against Alabama.[4]  We affirm.

**AFFIRMED.**

---

[4]  Selensky also filed a motion for leave to supplement the record.  The supplementary materials relate to prior lawsuits Selensky has filed in Alabama state courts, and have no bearing on our determination that Alabama's Eleventh Amendment immunity has not been waived or abrogated.  We therefore deny as moot Selensky's motion for leave to supplement the record.

7